******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., concurring in part and dissenting in part. I agree with part I of the majority opinion but respectfully dissent from part II. My dissent from part II of the majority opinion is based on my agreement with two parts of Justice Mullins' concurring and dissenting opinion. First, I agree with Justice Mullins that the record fairly reflects the parties' intent to submit the stipulation in relation to both counts two and three and that the trial court in fact admitted it for those purposes. Second, I agree with Justice Mullins that the trial court properly took judicial notice of General Statutes §§ 29-28 and 29-30 to support its determination that, in light of the parties' stipulation that the defendant, Ulises Robles, had been convicted of two felonies in 2006, he could not have had a proper permit for the gun that the trial court found he possessed while occupying a motor vehicle during the incident that led to his conviction. I therefore conclude that there was sufficient evidence to support the defendant's conviction of possession of a weapon in a motor vehicle in violation of General Statutes (Rev. to 2017) § 29-38 (a). I would affirm the trial court's judgment in all respects and not reach the other issues discussed in part II of both the majority opinion and Justice Mullins' concurring and dissenting opinion.

---